**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| AUSTE SALKAUSKAITE, individually and on behalf of similarly situated individuals, | ) ) ) | |
| Plaintiff, | ) ) | No. 18-cv-08507 |
| v. | ) ) | Judge Andrea R. Wood |
| SEPHORA USA, INC. et al., | ) ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff Auste Salkauskaite has brought this putative class action against Defendants Sephora USA, Inc. ("Sephora") and ModiFace, Inc. ("ModiFace"), claiming that they violated the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.*, by using ModiFace's technology to collect biometric information about customers' facial geometry at kiosks in Sephora stores. Sephora answered the complaint. But ModiFace, a Canadian corporation, has moved to dismiss the claim against it for lack of personal jurisdiction. (Dkt. No. 37.) Salkauskaite opposes the motion but requests that, if the Court finds that it lacks personal jurisdiction over ModiFace, the Court transfer the case to the Northern District of California instead of dismissing the claim against ModiFace. For the reasons given below, the Court finds that it lacks personal jurisdiction over ModiFace, declines to transfer the case to the Northern District of California, and instead dismisses Salkauskaite's claim against ModiFace without prejudice.

**BACKGROUND**

When considering a motion to dismiss for lack of personal jurisdiction, any well-pleaded facts alleged in the complaint are taken as true and any factual disputes in the affidavits are resolved in the plaintiff's favor. *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010). The facts recited here are taken from Salkauskaite's First Amended Complaint ("FAC"). The Court will address the affidavits and other evidence the parties attached to their briefs, to the extent appropriate, further below in discussing the parties' arguments. *See Purdue Research Found. v. Sanofi-Sunthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003).

Salkauskaite is a resident of Illinois. (FAC ¶ 19, Dkt. No. 34.) Defendant Sephora is an American subsidiary of an international retailer of cosmetics. It is incorporated in Delaware and headquartered in California. (*Id.* ¶ 18; Notice of Removal ¶ 15, Dkt. No. 2.) Defendant ModiFace is both incorporated and headquartered in Ontario, Canada. (FAC ¶ 17; Notice of Removal ¶ 17.)

Salkauskaite visited a Sephora store in Chicago, Illinois. (FAC ¶ 27.) That store had a feature called a Visual Artist Kiosk. (*Id.*) According to the FAC, a Visual Artist Kiosk captures and stores biometric facial geometry information from Sephora's customers. (*Id.* ¶ 26.) Once the kiosk captures a customer's facial geometry, the customer can superimpose Sephora's beauty products on his or her face. (*Id.*) Salkauskaite had her biometric information captured by the kiosk at the Sephora store she visited. (*Id.* ¶ 27.) She then provided her cellphone number and other personal information so that she could receive a text message with a scan of her face with Sephora's beauty products imposed on it. (*Id.* ¶ 28.) Sephora subsequently disseminated Salkauskaite's biometric information in an attempt to sell her products. (*Id.* ¶ 29.) Sephora did not inform Salkauskaite in writing that her biometrics were being collected, stored, used, or disseminated or publish a policy to that effect, and Salkauskaite did not provide her consent. (*Id.*

2

¶¶ 30–32.) Salkauskaite is not aware of whether Sephora still has her biometric information or whether it will retain that information. (*Id.* ¶ 33.)

Sephora operated the Visual Artist Kiosks in its stores. But, according to the FAC, those kiosks use ModiFace's biometric technology. (*Id.* ¶ 4.) Salkauskaite describes ModiFace's business as "develop[ing] biometric collection devices and technology for its clients in the beauty industry with the knowledge and intent that such devices and technology will be used to capture, collect, store, disseminate, and transfer the biometrics" of their clients' customers. (*Id.* ¶ 22.) Salkauskaite further describes ModiFace as having "co-developed its biometric devices and technology with Defendant Sephora." (*Id.* ¶ 23.) According to Salkauskaite, ModiFace services, updates, improves, and modifies its biometric technology deployed by Sephora in Illinois, and it has provided biometric devices and technology to other companies operating in Illinois. (*Id.* ¶¶ 24–25.)

After her face was scanned at a Sephora store in Chicago, Salkauskaite brought a putative class action lawsuit against Sephora and ModiFace in Illinois state court. (*See* State Court Compl., Dkt. No. 2-2.) One count of that complaint arose under BIPA, 740 ILCS 14/1 *et seq.*, and the other was a common law negligence claim. (*Id.* ¶¶ 43–61.) Sephora filed a notice of removal to this Court. (Notice of Removal at 1.) The basis asserted for removal was that the case met the requirements of the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1453(b). (*Id.* at 4–7.)

Salkauskaite never challenged the removal under CAFA or moved to remand to state court. Instead, Salkauskaite filed the FAC, which includes one count against both Defendants with the BIPA claim but drops the negligence claim that she had included in the state-court complaint. (FAC ¶ 43–51.) In the FAC, Salkauskaite asks for class certification, declaratory and injunctive

relief, statutory damages, attorneys' fees and costs, and pre- and post-judgment interest. The proposed class would consist of all individuals who had their biometrics captured, collected, stored, used, transmitted, or disseminated by ModiFace's technology in Illinois during the limitations period. (*Id.* ¶ 35.) There is also a proposed subclass composed of all individuals whose biometric were captured, collected, stored, used, transmitted, or disseminated by Sephora in Illinois during the limitations period. (*Id.*)

After Salkauskaite filed the FAC, ModiFace moved to dismiss the claim against it under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. (Dkt. No. 37.) Salkauskaite and ModiFace conducted jurisdictional discovery. With their respective briefs, ModiFace attached as an exhibit a declaration from its Chief Executive Officer ("CEO") and Salkauskaite attached as exhibits five discovery documents. (Dkt. Nos. 38-1, 50-1–50-5.) Salkauskaite opposes ModiFace's motion to dismiss but also argues in the alternative that if the Court lacks personal jurisdiction over ModiFace, it should transfer the case to the Northern District of California rather than dismissing the claim against ModiFace.

## DISCUSSION

BIPA governs how private entities must handle biometric identifiers and biometric information (collectively, "biometrics"). Salkauskaite claims that Defendants violated three different provisions of BIPA: the first requires a private entity in possession of biometrics to release a publicly accessible written policy describing its practices for retaining and destroying those biometrics, *see* 740 ILCS 14/15(a); the second forbids a private entity from collecting, capturing, purchasing, receiving through trade, or otherwise obtaining biometrics from a subject without first informing the subject that his or her biometrics are being collected and stored, informing the subject of the purpose of collecting the biometrics and the length of time for which

4

they will be stored, and received a written release from the subject, *see* 740 ILCS 14/15(b); and the third forbids a private entity from disclosing or disseminating biometrics of a subject without the subject's consent. 740 ILCS 14/15(d)(1).

## I.    Personal Jurisdiction over ModiFace in this District

The Court first addresses ModiFace's motion under Rule 12(b)(2) to dismiss the claim against it for lack of personal jurisdiction. When a defendant moves for dismissal under Rule 12(b)(2), "the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Purdue Research Found.*, 338 F.3d at 782. When the Court holds an evidentiary hearing, the plaintiff must establish personal jurisdiction by a preponderance of the evidence. *Id.* But "when the district court rules on a defendant's motion to dismiss based on the submission of written material . . . the plaintiff 'need only make out a ***prima facie*** case of personal jurisdiction.'" *Id.* (quoting *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002)). The Court may consider affidavits and jurisdictional discovery to decide whether the plaintiff has made a *prima facie* case. *See Purdue Research Found.*, 338 F.3d at 782–783.

If the defendant does not controvert a well-pleaded allegation in the complaint with affidavits or documents, then the Court must accept that allegation as true. *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012); *Leong v. SAP Am., Inc.*, 901 F. Supp. 2d 1058, 1061–62 (N.D. Ill. 2012). But when the defendant does controvert the complaint with an affidavit or document, the plaintiff cannot rely on the bare allegation alone. *See Purdue Research Found.*, 338 F.3d at 782–83; *Interlease Aviation Investors II (Aloha) L.L.C. v. Vanguard Airlines, Inc.*, 262 F. Supp. 2d 898, 905 (N.D. Ill. 2003). Thus, if the defendant "submit[s] evidence opposing the district court's exercise of personal jurisdiction, the plaintiff[] must similarly submit affirmative evidence supporting the court's exercise of jurisdiction." *Matlin v. Spin Master Corp.*, 921 F.3d 701, 705

(7th Cir. 2019). But if factual disputes arise between the affidavits or documents submitted by the parties, they must be resolved in the plaintiff's favor. *See RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1275 (7th Cir. 1997); *Leong*, 901 F. Supp. at 1061.

Personal jurisdiction comes in two forms: general and specific. *See Pinnacle Advert. & Mktg. Grp., Inc. v. Pinnacle Advert. & Mktg. Grp., LLC*, No. 18-cv-02430, 2018 WL 5921319, at *2 (N.D. Ill. Nov. 13, 2018). Salkauskaite does not contend that this Court has general jurisdiction over ModiFace. (*See* Resp. in Opp'n at 1–2.) Thus, "the present inquiry may be limited to whether Plaintiff has shown that this Court has specific jurisdiction" over ModiFace. *Pinnacle Advert. & Mktg. Grp.*, 2018 WL 5921319, at *2. "That inquiry 'focuses on the relationship among the defendant, the forum, and the litigation.'" *Id.* (quoting *Walden v. Fiore*, 571 U.S. 277, 284 (2014)).

When sitting in diversity, as is the case here, this Court may assert personal jurisdiction over a defendant only if an Illinois state court would have personal jurisdiction. *Hyatt Int'l*, 302 F.3d at 713. By statute, Illinois has extended its courts' personal jurisdiction to the full limits of the state and federal constitutions.[1] *See* 735 ILCS 5/2-209(c). "[N]o case has yet emerged where due process was satisfied under the federal constitution but not under the Illinois constitution." *Citadel Grp. Ltd. v. Wash. Reg'l Med. Ctr.*, 536 F.3d 757, 761 (7th Cir. 2008). Therefore, "the separate questions regarding whether jurisdiction is proper under Illinois's long-arm statute ***and*** the Due Process Clause merge." *Tile Unlimited, Inc. v. Blanke Corp.*, 47 F. Supp. 3d 750, 756 (N.D. Ill. 2014). So as long as the U.S. Constitution would allow an Illinois court to exercise

---

[1] In addition to arguing that an Illinois court would have personal jurisdiction because of this statute, Salkauskaite contends that three other provisions of the Illinois long-arm statute support this Court exercising personal jurisdiction. (Resp. in Opp'n at 13 (citing 735 ILCS 5/2-209(a)(1), (7), (10)). But those specific long-arm provisions—which concern transacting business, performing contracts, or possessing property in Illinois—are already covered by the provision extending personal jurisdiction to the limits of the U.S. Constitution.

personal jurisdiction over ModiFace, this Court may as well. *See Citadel Grp.*, 536 F.3d at 760–61.

It is appropriate for this Court to exercise specific personal jurisdiction where "(1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities." *Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010). The plaintiff's injury must arise out of and relate to "the defendants' contacts with the forum." *Id.* at 708 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). Those contacts must not be "merely random, fortuitous, or attenuated" and the defendant must be able to "reasonably anticipate being haled into court" in the forum state. *Citadel Grp.*, 536 F.3d at 761 (quoting *Burger King*, 471 U.S. at 474). The contacts also must come from the activity of the defendant, not from the activity of the plaintiff or a third party. *See Purdue Research Found.*, 338 F.3d at 780. Moreover, even if the plaintiff can establish that the defendant had sufficient contacts with the forum, the Court must still examine whether exercising personal jurisdiction would "offend traditional notions of fair and substantial justice." *Id.* at 709. An action may proceed against a defendant only if the Court has personal jurisdiction over that defendant individually, and the Court may not aggregate the contacts of different defendants. *See Rush v. Savchuk*, 444 U.S. 320, 331–32 (1980).

Here, the record shows that ModiFace did not purposefully avail itself of the privilege of conducting business in Illinois. In support of its motion to dismiss, ModiFace submitted a declaration of its CEO, Parham Aarabi. (Parham Aarabi Decl., Dkt. No. 38-1.) The declaration states that ModiFace has never had property, employees, or operations in Illinois and is not registered to do business there. (*Id.* ¶¶ 3–6.) According to the declaration, ModiFace's business

consists of selling augmented-reality ("AR") products to beauty brand companies. (*Id.* ¶ 7.) ModiFace does not target is marketing, sales, or commercial activity toward Illinois. (*Id.* ¶ 8.) ModiFace sold Sephora AR software, but the two companies never met or developed a business relationship in Illinois. (*Id.* ¶ 10.) ModiFace never discussed with Sephora whether its AR technology would be used in Illinois, and the companies never had a specific agreement about deploying or servicing the technology in Illinois. (*Id.* ¶ 11.)

Furthermore, the declaration states that ModiFace has no knowledge about the extent to which Sephora deploys its AR technology in Illinois. (*Id.*) ModiFace never codeveloped biometric devices with Sephora or provided it with customized biometric devices. (*Id.* ¶ 12.) All of ModiFace's communications with Sephora were with employees in California. (*Id.*) ModiFace never intended to collect biometric information from Illinois residents and has never solicited biometric information from anyone in Illinois. (*Id.* ¶¶ 13–14.) ModiFace has not provided Sephora with location-specific or biometric-related analytics derived from ModiFace's AR technology. (*Id.* ¶¶ 15–16.) ModiFace does not specifically deploy its technology to Illinois or send its employees to Illinois. (*Id.* ¶ 17.) It does not modify its AR technology for Sephora's state-specific objectives or needs. (*Id.* ¶ 18.) And Aarabi denies that ModiFace had provided or developed biometric technology to other clients known to operate in Illinois. (*Id.* ¶ 19.)[2]

Aarabi's declaration effectively rebuts Salkauskaite's jurisdictional allegations, which centered on ModiFace developing "customized bespoke devices and technology" for Sephora "with the knowledge and intent" that they would be deployed in Illinois. (FAC ¶ 22.) Because

---

[2] Salkauskaite refers to ModiFace selling its software to other clients for use in Illinois. (FAC ¶ 25.) But because she did not provide any evidence contradicting ModiFace's declaration, there is no factual dispute on this point and the Court accepts the statement in Aarabi's declaration. *See Purdue Research Found.*, 338 F.3d at 782–83.

ModiFace has provided evidence contradicting those allegations, Salkauskaite bears the burden of establishing a *prima facie* case of personal jurisdiction by providing affidavits or other evidence. *See Purdue Research Found.*, 338 F.3d at 782–83. The evidence she put forward in her response to Modiface's motion fails to establish that *prima facie* case. In fact, the five exhibits she attaches—ModiFace's contract with Sephora, an addendum to that contract, a magazine article, a Facebook post by ModiFace, and a transcript of Aarabi's deposition—do not support the theory put forward in her complaint that ModiFace that it developed biometric technology for use in Illinois. (Dkt. Nos. 50-1–50-5.)

Despite having had the opportunity to conduct jurisdictional discovery to develop evidence of ModiFace's contacts with Illinois, the evidence that Salkauskaite puts forward does not support any alternative theory of personal jurisdiction. Aarabi's deposition testimony supports his declaration. (Parham Aarabi Dep., Ex. 5, Dkt. No. 50-5.) During that testimony, Aarabi stated that he had no discussion with Sephora about where ModiFace's technology would be used and he was not aware of any steps taken to prepare for the use of the technology in any particular jurisdiction. (*Id.* at 25–26, 29–36.) In that deposition, Salkauskaite asked about an article that ModiFace re-posted onto its Facebook page in August 2016 describing the use of ModiFace's technology in a Sephora store in Chicago. Aarabi did not deny that ModiFace was aware of that article (though he did dispute whether ModiFace knew the article was accurate). (*Id.* at 24–25; *see also Crain's Chicago* Article, Ex. 4, Dkt. No. 50-4; ModiFace Facebook Post, Ex. 5, Dkt. No. 50-5.) Beyond the deposition, Salkauskaite points out that ModiFace agreed in its contract with Sephora to abide by all applicable federal, state, and local laws during the provision of its services to ModiFace. (Ex. 1, ModiFace Application Services Agreement, at 3–4, Dkt. No. 50-1.) But that agreement does not say anything specific about Illinois or biometric information privacy laws.

9

Salkauskaite also points to another provision in the contract stating that ModiFace has the right to use certain user data in aggregated form to advertise, market, and promote ModiFace. (*Id.* at 6.) But that provision, again, is written in general terms and makes no mention of Illinois or Illinois residents.

The only evidence offered by Salkauskaite suggesting ModiFace's minimum contacts with Illinois is the article ModiFace re-posted about the use of its technology at a Sephora store in Chicago. That evidence indicates that, by August 2016, ModiFace had at least some knowledge that its technology was being used in Illinois. But the article was dated about a year after ModiFace entered its contract with Sephora, and it does not provide evidence that ModiFace purposefully directed its conduct at Illinois or purposefully availed itself of the benefits of doing business in Illinois when it provided software to Sephora. That the technology was used in Illinois does not establish minimum contacts. Without evidence that ModiFace intended to avail itself of the right to do business in Illinois or purposefully aimed its conduct at Illinois, the use of ModiFace's technology in the forum is at most a random, fortuitous, or attenuated contact. *See Tamburo*, 601 F.3d at 702. Moreover, any such contact would be the result of actions by Sephora, a codefendant, not by ModiFace itself. *See Purdue Research Found.*, 338 F.3d at 780 (defendant's contacts must be the result of its own conduct). The remainder of the evidence that Salkauskaite has presented consists of either general statements that do not specifically relate to Illinois or statements that deny contacts with Illinois.

Since Salkauskaite has offered no evidence that ModiFace purposefully availed itself of the right to do business in Illinois, there is no need to consider whether her injury resulted from ModiFace's forum-related contacts or whether it would comport with fair play and substantial justice for an Illinois court to exercise personal jurisdiction over ModiFace. *See, e.g.*, *N. Grain.*

10

*Mktg., LLC v. Greving*, 743 F.3d 487, 496 (7th Cir. 2014) (explaining that when a defendant lacks minimum contacts with the forum state, the court need not analyze whether personal jurisdiction comports with fair play and substantial justice). Therefore, the Court does not require further analysis to support its finding that it lacks personal jurisdiction over ModiFace.

## II. Transfer pursuant to 28 U.S.C. § 1631

Salkauskaite contends that if this Court lacks personal jurisdiction over ModiFace, it should transfer this case to the Northern District of California under 28 U.S.C. § 1631. That statute provides that "[w]henever a civil action is filed in a court . . . and that court finds there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such case or appeal to any other such court . . . in which it could have been brought at the time it was filed." *Id.*

There is some conflicting case law about whether that statute allows a district court to transfer a case based on lack of personal jurisdiction, as opposed to subject-matter jurisdiction. *See, e.g.*, *Chavez v. Dole Food Co.*, 836 F.3d 205, 223–24 (3d Cir. 2016) (en banc) (holding that the statute allows for transfers based on lack of personal jurisdiction); *Adams v. Unione Mediterranea Di Sicurta*, No. Civ. A. 94-1954, 2001 WL 823733, at *4 (E.D. La. July 19, 2001) (holding that the statute does not allow for transfers based on lack of personal jurisdiction). But the parties did not cite any published case law on the issue from the Seventh Circuit and this Court is not aware of any. For present purposes, the Court will assume without deciding that it has the power to transfer a case under 28 U.S.C. § 1631 based on a lack of personal jurisdiction. The Court concludes that, even with such authority, it would be inappropriate to use it in this circumstance.

Transfer to the Northern District of California would only be appropriate if the district court there could exercise personal jurisdiction over ModiFace. Like the Illinois long-arm statute,

the California long-arm statute is coextensive with the Due Process Clause. *See* Cal. Civ. Proc. Code § 410.10; *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015). Salkauskaite has not shown that the United States District Court for the Northern District of California would be able to exercise specific jurisdiction over ModiFace. (Salkauskaite does not contend that the United States District Court for the Northern District of California would have general jurisdiction over ModiFace.)

The Court did not limit the parties' ability to explore the possibility of transferring the case to another district court, and Salkauskaite could have used jurisdictional discovery to explore a connection between this case and the Northern District of California before. (Dkt. No. 41.) Nonetheless, the record contains only a few potential contacts between ModiFace and California. Sephora is based in San Francisco, and ModiFace's CEO has acknowledged that his company had contact with Sephora employees in California. (Aarabi Decl. ¶ 12; Aarabi Dep. at 38.) But he does not state the extent of those communications or whether the companies' contract was negotiated in California, in Canada, or both. He does refer to the agreement as a California agreement. (Aarabi Dep. at 11, 17.) But that may merely be a reference to the fact that the contract includes a choice-of-law provision that selects California law as the governing law and a forum-selection clause that selects state and federal courts in San Francisco as the exclusive forum for disputes that arise out of the agreement. (Services Agreement at 10.) That forum-selection clause has no effect on this case because Salkauskaite's claim arises from the violation of an Illinois statute, not from a violation of the agreement to which Salkauskaite is not even a party. In any case, that clause plus an indeterminate number of conversations with Sephora's California employees does not suffice to establish purposeful availment of the right to do business in California.[3] Moreover,

---

[3] There is conflicting authority about whether this Court should apply Seventh Circuit or Ninth Circuit precedents on personal jurisdiction issues when deciding whether to transfer the case. *Compare D'Jamoos*,

even if ModiFace had minimum contacts with California, Salkauskaite has failed to establish that her injury arose from those contacts. Instead, Salkauskaite's injury arose from Sephora's choice to use ModiFace's technology in its stores in Illinois. That choice was separate from Sephora and ModiFace's decision to contract, which did not require the use of ModiFace's technology in any particular place. And Salkauskaite has failed to introduce any evidence into the record to refute the assertion by ModiFace's CEO that ModiFace had no idea that its technology would be used in Illinois. Thus, Salkauskaite has failed to establish that her injury arose from forum-related contacts in California.

The Court therefore denies a transfer under 28 U.S.C. § 1631.[4] Beyond her argument under § 1631, some of the case law that Salkauskaite cites in her request for a transfer actually relates to 28 U.S.C. §§ 1404(a), 1406(a). (*See* Resp. in Opp'n at 14–15.) Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Court may transfer under this statute even if it lacks personal jurisdiction. *See Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986). It would not be appropriate to transfer this

---

566 F.3d at 108–09 (applying the precedents of the transferee court), *and Ukiah Adventist Hosp. v. FTC*, 981 F.2d 543, 551 n.11 (D.C. Cir. 1992) (same), *with Haddad*, 2006 WL 2435560, at *4 (applying the law of the transferor court). This Court assumes without deciding that the Ninth Circuit's precedents are the correct ones to apply because a Northern District of California judge would be bound by those precedents. But the Court would reach the same result in this case either way because the Seventh and Ninth Circuit precedents on minimum contacts do not have material differences that affect this case. *See Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008); *Yahoo! Inc. v. La Ligue Contre Le Racisme et L'Antisemitisme*, 433 F.3d 1199, 1207 (9th Cir. 2006); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802–03 (9th Cir. 2004).

[4] In addition to personal jurisdiction, Salkauskaite must show that the Northern District of California would have subject-matter jurisdiction over her case and would be a proper venue. The Court sees no issue with subject-matter jurisdiction. And if the Northern District of California could exercise personal jurisdiction, it is likely that it would be a proper venue because Sephora is headquartered in that district and it is likely that a substantial part of the "events or omissions giving rise to the claim" occurred there. 28 U.S.C. § 1391(b)(2). But the Court will not engage in an extended analysis of either issue because the Northern District of California would lack personal jurisdiction.

case under this statute, however. A transfer to a California district court might be convenient for

Sephora, which is based in San Francisco. But it would not be convenient for ModiFace, a

Canadian company; Salkauskaite, an Illinois resident; and the unnamed plaintiffs, most of whom

are likely to be Illinois residents. And at this point in the case, it is unclear if a transfer would be

convenient for witnesses. Therefore, the Court does not see grounds for a transfer under

§ 1404(a). Section 1406(a), meanwhile, allows for transfers when a case is brought in the wrong

venue. 28 U.S.C. § 1406(a). But venue is proper in this District because a substantial part of the

events giving rise to the claim occurred in Chicago. *Id.* § 1391(b)(2). Thus, that section is

inapplicable to this case.

## CONCLUSION

For the reasons explained above, ModiFace's motion to dismiss the claims against it for

lack of personal jurisdiction (Dkt. No. 37) is granted. Sephora's request that the case be

transferred to the Northern District of California in lieu of dismissal is denied. The Court

dismisses Salkauskaite's claim against Modiface without prejudice.

ENTERED:

Dated:  May 30, 2020

Andrea R. Wood
United States District Judge

14